J-S03022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BROOK T. REESE | : | No. 374 MDA 2023 |

Appeal from the Order Entered February 8, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000614-2022

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 07, 2024**

The Commonwealth appeals from the order granting Appellee Brook T. Reese's pre-trial petition for *habeas corpus* and dismissing all charges without prejudice. On appeal, the Commonwealth challenges the trial court's evidentiary rulings and the trial court's conclusions regarding the sufficiency of the evidence. After careful review, we reverse the trial court's order and remand for proceedings consistent with this memorandum.

The record establishes that Detectives David Hart and Michael Lamanna of the Bradford County Drug Task Force organized a series of controlled drug buys with a confidential informant (CI). As a result of these controlled buys, the Commonwealth charged Appellee with three counts each of possession of a controlled substance with intent to deliver and possession of a controlled

substance.[1]   Following a preliminary hearing on October 14, 2022,[2] the charges were held over to the Court of Common Pleas of Bradford County.

Appellee subsequently filed an omnibus pre-trial motion requesting that the trial court dismiss the charges with prejudice because the Commonwealth relied solely on hearsay to establish its *prima facie* case at the preliminary hearing.   **See** Appellee's Omnibus Pre-Trial Mot., 12/2/22, at ¶¶ 7-11.   In support, Appellee claimed that during the preliminary hearing, "[i]t was admitted . . . that the testifying officer(s) did not witness the alleged controlled buy(s) and that the alleged transaction was revealed to have occurred as a result of the CI informing the police that [Appellee] sold the CI drugs."   **See** Appellee's Brief in Supp. of Omnibus Pre-trial Mot., 1/5/23, at 1.   Further, Appellee noted that although the CI did not testify at the preliminary hearing, "inadmissible hearsay about what the CI said to the police was [] improperly admitted  .  .  .  and that hearsay was necessary to establish the [Commonwealth's] *prima facie* case."   **See** Appellee's Omnibus Pre-Trial Mot., 12/2/22, at ¶ 8.   Finally, Appellee claimed that the CI was essential to Appellee's case and requested that the trial court grant Appellee's request for the Commonwealth to disclose the CI's identity.   **See id.** at ¶¶ 12-13.

On January 24, 2023, the trial court conducted a pre-trial *habeas* hearing.   At the hearing, the Commonwealth presented testimony from

---

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

[2] The transcript from the preliminary hearing does not appear in the certified record.

Detectives Hart and Lamanna. When the Commonwealth attempted to elicit testimony from the detectives concerning out-of-court statements by the CI, Appellee objected based on hearsay, and the trial court sustained Appellee's objections. At the conclusion of the hearing, the trial court entered an order quashing the charges without prejudice and discharged Appellee from custody. On February 15, 2023, the trial court filed a memorandum opinion explaining the reasons for its decision.

The Commonwealth filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court filed a statement directing this Court to its February 15, 2023 memorandum opinion.

On appeal, the Commonwealth raises the following issues for our review:

1. Did the [trial court] err in granting the writ of *habeas corpus* on the grounds/reasoning of [**Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020), and **Commonwealth v. Harris**, 269 A.3d 534 (Pa. Super. 2022)]?

2. Did the [trial court] err in finding that the Commonwealth did not present a *prima facie* case at the preliminary hearing?

Commonwealth's Brief at 3.[3]

_____

[3] On April 25, 2023, this Court entered an order directing the Commonwealth to show cause as to why the instant appeal should not be quashed as taken from an unappealable interlocutory order. It is "well established that the Commonwealth may appeal from [the] trial court's order dismissing a [] charge based on a pretrial petition for writ of *habeas corpus*." **Commonwealth v. Merced**, 265 A.3d 786, 790 (Pa. Super. 2021) (citing

*(Footnote Continued Next Page)*

In its first issue, the Commonwealth contends that the trial court misapplied *Harris* and *McClelland* "in determining that the Commonwealth could not rely on hearsay testimony from the CI at the [*habeas*] hearing to prove the identity of [Appellee] as the source of delivery of the controlled substance." Commonwealth's Brief at 8. In support, the Commonwealth argues that it has a qualified privilege to withhold the identity of a CI and that it was Appellee's burden to demonstrate that the request for the CI's identify was reasonable and material to the preparation of the defense. *Id.* at 11 (citing *Commonwealth v. Powell*, 656 WDA 2016, 2017 WL 4296970 (Pa. Super. filed Sept. 28, 2017) (unpublished mem.)).[4] Therefore, because Appellee failed to meet this burden, the Commonwealth concludes that the

_____

*Commonwealth v. Karetny*, 880 A.2d 505, 513 (Pa. 2005) (some formatting altered)). "Our jurisdiction over the appealed-from order is secure." *Id.* (citation and footnote omitted and some formatting altered). Accordingly, we find that we have jurisdiction and shall proceed to consider the merits of the Commonwealth's appeal.

[4] We note that *Powell* is an unpublished memorandum decision that this Court filed on September 28, 2017.

> An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by . . . a party . . . except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, *res judicata*, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.

210 Pa.Code § 65.37(B); *see also* Pa.R.A.P. 126(b).

trial court erred in sustaining Appellee's hearsay objections and dismissing the charges. *See* Commonwealth's Brief at 13.

Our Supreme Court has held that the Commonwealth may not rely solely upon hearsay evidence to meet its *prima facie* burden in a preliminary hearing or *habeas corpus* proceeding. *See McClelland*, 233 A.3d at 736; *see also Harris*, 269 A.3d at 548 (reiterating that *McClelland* "preclude[s] the Commonwealth from relying on hearsay alone at a preliminary hearing to establish a *prima facie* case that the defendant committed a crime").

It is also well settled that the Commonwealth enjoys a qualified privilege not to disclose the identity of a CI. *Commonwealth v. Bright*, 234 A.3d 744, 747 (Pa. Super. 2020). "[W]here a defendant seeks a CI's identity, the defendant must first show that the request for disclosure is reasonable and that the information sought to be obtained through disclosure is material to the defense." *Id.* (citation omitted and formatting altered).

Recently, in *Sutton*, this Court discussed the interplay between the Commonwealth's qualified privilege in protecting the identity of a CI and the prohibition against relying solely upon hearsay testimony in a preliminary hearing. *See Commonwealth v. Sutton*, ---A.3d---, 2024 PA Super 50, 2024 WL 1163627 (Pa. Super. filed Mar. 19, 2024). In that case, law enforcement conducted a series of controlled drug buys with a CI and ultimately charged the defendant with several drug-related offenses. *Id.*, 2024 WL 1163627 at *1. During the preliminary hearing, a detective testified

- 5 -

as to the CI's out-of-court statements, which identified the defendant as the person from whom the CI purchased controlled substances. *Id.*

After the charges were held for court, the defendant filed a pre-trial *habeas* motion arguing that the charges should be dismissed because the Commonwealth relied on inadmissible hearsay to establish the defendant's identity. *Id.* In the alternative, the defendant requested disclosure of the CI's identity which was essential to the preparation of his defense. *Id.* Ultimately, the trial court concluded that the Commonwealth improperly relied on hearsay evidence at the preliminary hearing and granted the defendant's motion. *Id.*

On appeal, the *Sutton* Court acknowledged that under *Harris*, the Commonwealth was precluded "from relying solely on hearsay evidence at a preliminary hearing to make its *prima facie* case that the defendant was the person who committed the crime charged, even if direct evidence established that the alleged crime occurred." *Id.* at *3 (citation omitted). However, the *Sutton* Court explained:

> *Harris* . . . does not vitiate jurisprudence that has promoted an accountable, prescribed system recognizing a qualified privilege of keeping informants' identities confidential and permitting use of their statements to law enforcement at preliminary hearings. This is particularly so where, as in the present case, the Commonwealth certified with the trial court that the CI will be produced at trial and where [the defendant] had not established at the preliminary hearing that the qualified privilege rubric required disclosure because the information sought was material to the preparation of the defense and that the request is reasonable.

> To apply *Harris* to the facts in the case *sub judice* would eliminate the qualified privilege of protecting the identity of confidential informants at the preliminary hearing stage of the proceedings.

*Id.* at \*4-5.

Following our review of the record, and in light of this Court's decision in *Sutton*,[5] we conclude that the trial court erred in precluding the detectives from providing testimony concerning out-of-court statements by the CI.  *See id.* at \*4 (holding that the Commonwealth may present hearsay concerning out-of-court statements from a CI to prove a defendant's identity in cases (1) where the Commonwealth certifies that the CI will be produced at trial; and (2) in the absence of evidence from the defendant that "the qualified privilege rubric required disclosure because the information sought was material to the preparation of the defense and that the request is reasonable").  Therefore, we conclude that remand is necessary.

On remand, the trial court shall conduct a new pre-trial *habeas* hearing consistent with this Court's decision in *Sutton*.

Order reversed.  Case remanded for further proceedings consistent with this memorandum.  Jurisdiction relinquished.

---

[5] "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision.  This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *Commonwealth v. Chesney*, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted and formatting altered).

- 7 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/07/2024